UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

THEODORE COHEN, an individual,

     Plaintiff,

v.

SCHMEAR BAGELS COMPANY, LLC,
a Florida Limited Liability Company,

     Defendant.

_____/

## **COMPLAINT**

COMES NOW, Plaintiff, THEODORE COHEN ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, SCHMEAR BAGELS COMPANY, LLC ("Defendant"), and alleges as follows:

### **NATURE OF THE ACTION**

1. This action is brought by the Plaintiff to recover damages for unpaid minimum wages, unpaid overtime compensation, and retaliation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

### **JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216.

3. This Court has original jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as the acts and omissions giving rise to Plaintiff's claims alleged herein accrued in Broward County, Florida, within the jurisdiction of this Honorable Court, where, at all times material, Plaintiff worked for Defendant.

## PARTIES and COVERAGE

5. At all times material hereto, Plaintiff was a citizen of and resided within Broward County, Florida, within the jurisdiction of the Southern District of Florida.

6. Defendant SCHMEAR BAGELS COMPANY, LLC is a Florida Limited Liability Company, with a principal place of business located in Broward County, Florida.

7. At all times material hereto, Plaintiff was Defendant's "employee" within the meaning of the FLSA.

8. At all times material hereto, Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

9. Defendant, at all times material hereto, was and is an enterprise engaged in interstate commerce within the meaning of the FLSA.

10. Upon information and belief, at all times material hereto, Defendant's gross annual volume of sales is/was in excess of $500,000.

11. Defendant, at all times material hereto, had two or more employees handling, selling, or otherwise working on/with goods or materials that had been moved in or produced for interstate commerce, including but not limited to food and beverages, computers, phones, credit card readers, kitchen equipment and supplies, and other goods or materials associated with the performance of their regular duties.

12. At all times material hereto, Plaintiff was "engaged in commerce" and/or "the production of goods for commerce" by, among other means, communicating with food and beverage vendors via text and phone call; ordering and receiving food, beverage, and kitchen supplies, some of which had been moved in or produced for interstate commerce; taking orders over the phone from out-of-state customers; and processing out-of-state credit card transactions. Plaintiff is

therefore subject to individual coverage under the FLSA.

## GENERAL FACTUAL ALLEGATIONS

13. Defendant operates a restaurant serving bagels and other breakfast and lunch items.

14. At all times material hereto, Plaintiff was employed by Defendant to perform work as an FLSA non-exempt, cook and manager at Defendant's place of business in Broward County from on or about June 2024 through December 6, 2024.

15. During his employment with Defendant, Plaintiff performed duties including, but not limited to, baking, cooking, overseeing inventory, taking orders in-store and over the phone, coordinating vendor orders and deliveries, unloading deliveries, and managing employee schedules and Defendant's POS system.

16. At all times material hereto, to the extent Defendant credited and compensated Plaintiff for any of his hours worked, it always did so on an hourly basis.

### Off-the-Clock and Unpaid Overtime

17. Throughout Plaintiff's employment with Defendant, he regularly worked in excess of forty (40) hours in a workweek.

18. During and throughout Plaintiff's employment, Defendant failed to properly credit and compensate Plaintiff for all his hours worked, suffering or permitting Plaintiff to work a considerable number of regular and overtime hours off-the-clock and without any pay.

19. Throughout Plaintiff's employment, to the extent he worked overtime hours during one or more workweeks, Defendants never compensated him with overtime premiums equal to at least one and one-half times his regular rate of pay for his hours worked above forty (40) in a workweek.

20. At the start of Plaintiff's employment, Plaintiff was scheduled to work five (5) days per week

and an average of about forty-five (45) and fifty (50) hours per week, sometimes more.

21. From the start of Plaintiff's employment until on or about mid-October 2024 and from early November 2024 through the end of his employment, Plaintiff also performed an average of about two (2) extra hours of off-the-clock work each week to coordinate vendor orders/deliveries with Defendant's owners/managers.

22. In or around August 2024, Defendant informed Plaintiff that he would be considered for a manager position if he stepped up for the role.

23. Thereafter, for three (3) weeks in August 2024, Plaintiff worked an average of over sixty (60) hours per week, including approximately ten (10) additional hours per week on-the-clock in Defendant's restaurant and about an additional eight (8) hours off-the-clock from home to make Defendant's business more efficiently by, among other things, acting as an interim manager/supervisor, improving the restaurant's recently implemented POS system, and updating the in-store and online menu and inventory systems.

24. At all times material hereto, Defendant was on notice and had knowledge of all hours Plaintiff worked, including those hours he worked off-the-clock, as Plaintiff communicated with Defendant's owners/managers regarding off-the-clock calls/texts with vendors and Plaintiff was only able to perform off-the-clock work with respect to Defendant's POS system by using personal login credentials provided to him by Defendant's owners/managers.

**Retaliation**

25. Around early-mid September 2024, Plaintiff discovered that, throughout his employment, Defendant not only failed to credit him with all of his hours worked each workweek, but it had also failed to pay him any premium compensation for his hours worked in excess of forty (40) each workweek.

26. Plaintiff confronted one of Defendant's owners/managers, Michael Monastirski ("MIKE"), regarding the failure to credit him with all his hours worked and the failure to pay him overtime premiums of one and one-half times his regular rate of pay for his hours worked above forty (40) each week; however, Defendants refused to correct the complained of pay issues.

27. Around the following week, Plaintiff was informed that Defendant was hiring a new employee, Lindsay (LNU), for the management position and reduced Plaintiff's scheduled shifts from five (5) days per week to three (3) days per week.

28. Though Defendant reduced Plaintiff's schedule, as alleged above, Defendant usually contacted Plaintiff last-minute to work one additional shift each week due to employee call outs. Defendant also continued to have Plaintiff coordinate vendor orders off-the-clock and on weekends for which Plaintiff was not credited or compensated.

29. Around mid-October 2024, Plaintiff complained to Defendant's owners/managers about his reduced schedule and for continuing to perform work off-the-clock and without compensation, resulting in Plaintiff's schedule being reduced even further the following week.

30. During the last week of October 2024, Plaintiff was informed that Lindsay was being removed from the manager position and he and a co-worker were being offered full-time co-manager positions, with Plaintiff being assigned as the back of house manager.

31. On or about November 1, 2024, Plaintiff became the back of house manager, his hours increased to about forty-five (45) hours per week on average, and he resumed his off-the-clock vendor duties.

### Retaliatory Hostile Work Environment

32. After Plaintiff had first complained about Defendant's failure to properly compensate him for his off-the-clock and overtime hours, another one of Defendant's owners/managers, Oleg

Krutyansky ("OLEG"), repeatedly subjected Plaintiff to harassment and intimidation, both in person and via individual and group text messages.

33. The harassment to which Plaintiff was subjected included, but was not limited to, yelling, swearing, berating, name-calling, physical intimidation, and threats of physical violence.

34. The harassment to which Plaintiff was subjected for his wage-related complaints was severe or pervasive, occurring most, if not all, days Plaintiff worked and caused him to agonize about going to work each day out of fear of continued hostility and retaliation.

35. The severity of the harassment to which OLEG subjected Plaintiff increased and intensified each time Plaintiff raised complaints regarding his improper compensation throughout his employment.

36. On December 6, 2024, Plaintiff raised another complaint regarding Defendant's continued failure to properly credit and compensate him for all his hours worked. Plaintiff offered to discuss the disputed pay issues; however, OLEG refused Plaintiff's offer, subjected Plaintiff to even more hostility and threats of violence, and terminated Plaintiff's employment.

37. Plaintiff contacted MIKE and OLEG the following week regarding his termination and to receive his last two weeks' pay; however, OLEG refused to pay Plaintiff his last paychecks, continued his hostility towards Plaintiff, and threatened to fight Plaintiff if he came back to the store.

38. To date, Defendant has not paid Plaintiff for his last two weeks of work and has failed to compensate Plaintiff for any of his off-the-clock hours or overtime premiums due and owing to him throughout the course of his employment.

39. Any reason Defendant might proffer as justification for its actions, if any, is mere pretext for the unlawful conduct complained of herein.

40. Plaintiff has been personally and financially harmed and injured by Defendant's improper pay

practices and Defendant's owners/managers harassing and retaliatory conduct towards him following his complaints about improper payment of wages, resulting in Plaintiff being subjected to unfair and unlawful payment of wages, as well as retaliation and a retaliatory hostile work environment.

41. Accordingly, Plaintiff seeks to recover his actual and liquidated damages, compensatory damages for emotional distress, and reasonable attorneys' fees and costs pursuant to the FLSA.

## COUNT I
## FLSA MINIMUM WAGE VIOLATIONS

42. Plaintiff reincorporates, re-avers, and re-adopts all allegations contained within Paragraphs 1-41 of this Complaint, as if fully set forth herein.

43. This action is brought by Plaintiff to recover from Defendant unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the FLSA.

44. At all material times, Plaintiff was a non-exempt employee of Defendant, as defined by Section 203(e) of the FLSA. 29 U.S.C. § 203(e)(1).

45. At all times material hereto, Defendant is and was an employer within the meaning of Section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

46. Upon information and belief, at all times material hereto, Defendant had gross annual sales in excess of $500,000.00.

47. At all times material hereto, Defendant operated an enterprise engaged in commerce or in the production of goods for commerce, as defined by Section 203(s) of the FLSA. 29 U.S.C. § 203(s).

48. At all times material hereto, Plaintiff was regularly "engaged in commerce" and/or "the production of goods for commerce," as alleged herein, and is therefore subject to individual

coverage under the FLSA.

49. Defendant failed to credit and compensate Plaintiff with any wages for his off-the-clock work performed throughout his employment and for the last two weeks of his employment.

50. As alleged herein, Defendant failed to credit and/or compensate Plaintiff for the following work:

   a. Approximately two (2) hours per week for about twenty-four (24) weeks for off-the-clock communications to coordinate vendor orders/deliveries;

   b. Approximately eight (8) hours per week for about three (3) weeks for off-the-clock work associated with implementing and improving Defendant's POS system, updating its in-restaurant and online menus, among other off-the-clock work performed; and

   c. Approximately eighty-four (84) hours of work performed during Plaintiff's last two weeks, for which he received no compensation for his hours worked.

51. By failing to credit and pay Plaintiff the statutorily mandated minimum wage for all hours worked, Defendant has violated, and continues to violate, section 206 of the FLSA. 29 U.S.C. § 206.

52. Plaintiff seeks to recover unpaid minimum wages under the FLSA accumulated from the date of hire and/or from three (3) years from the date of the filing of the Complaint in this action.

53. Defendant knew and/or showed reckless disregard for the provisions of the FLSA concerning the payment of minimum wages, as required by the Fair Labor Standards Act, and remains owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant, as set forth above. As such, Plaintiff is entitled to recover liquidated damages in an amount equal to his unpaid minimum wages.

**WHEREFORE,** Plaintiff seeks an entry of a judgment against Defendant that it has violated the FLSA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights; to be awarded the full amount of actual damages shown to be due for unpaid minimum wage

8

compensation for Plaintiff's hours worked, with interest; an award of liquidated damages/double damages in an amount equal to the actual damages shown to be due for unpaid minimum wage compensation; to recover the reasonable attorneys' fees and costs associated with bringing this action; and to be granted any other affirmative and/or equitable relief this Honorable Court deems just and proper under the circumstances.

## COUNT II
## FLSA OVERTIME VIOLATIONS

54. Plaintiff reincorporates, re-avers, and re-adopts all allegations contained within Paragraphs 1-41 of this Complaint, as if fully set forth herein.

55. This action is brought by the Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the FLSA.

56. At all material times, Plaintiff was a non-exempt employee of Defendant, as defined by Section 203(e) of the FLSA. 29 U.S.C. § 203(e)(1).

57. At all times material hereto, Defendant is and was an employer within the meaning of Section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

58. Upon information and belief, at all times material hereto, Defendant had gross annual sales in excess of $500,000.00.

59. At all times material hereto, Defendant operated an enterprise engaged in commerce or in the production of goods for commerce, as defined by Section 203(s) of the FLSA. 29 U.S.C. § 203(s).

60. At all times material hereto, Plaintiff was regularly "engaged in commerce" and/or "the production of goods for commerce," as alleged herein, and is therefore subject to individual coverage under the FLSA.

61. During and throughout Plaintiff's employment with Defendant, to the extent Defendant paid Plaintiff for any of his hours worked, it did so only at his "straight time" rate and failed to do so at a rate of one and one-half times Plaintiff's regular rate of pay for hours worked in excess of forty (40) in one or more workweeks, including:

    a. Plaintiff's recorded hours above forty (40) each week, for which he was credited and compensated at his regular or "straight time" rate; and

    b. Plaintiff's off-the-clock hours above forty (40) each week, for which he was not credited or compensated with any wages, much less his statutory overtime premiums.

62. By failing to credit and pay Plaintiff at the statutory rate of no less than time and one-half his regular rate of pay for all overtime hours worked, Defendant has violated, and continues to violate, Section 207 of the FLSA. 29 U.S.C. § 207.

63. Plaintiff seeks to recover unpaid overtime wages under the FLSA accumulated from the date of hire and/or from three (3) years from the date of the filing of the Complaint in this action.

64. Defendant knew and/or showed reckless disregard for the provisions of the FLSA concerning the payment of overtime wages, as required by the Fair Labor Standards Act, and remains owing Plaintiff these unpaid overtime wages since the commencement of Plaintiff's employment with Defendant and/or from three (3) years from the date of the filing of the Complaint in this action, as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE,** Plaintiff seeks an entry of a judgment against Defendant that it has violated the FLSA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights; to be awarded the full amount of actual damages shown to be due for unpaid overtime wage compensation for Plaintiff's hours worked in excess of forty per week, with interest; an award of liquidated damages/double damages in an amount equal to the actual damages shown to be due for

unpaid overtime wage compensation; to recover the reasonable attorneys' fees and costs associated with bringing this action; and to be granted any other affirmative and/or equitable relief this Honorable Court deems just and proper under the circumstances.

## COUNT III
## FLSA RETALIATION

65. Plaintiff reincorporates, re-avers, and re-adopts all allegations contained within Paragraphs 1-41 of this Complaint, as if fully set forth herein.

66. This action is brought by the Plaintiff to recover from Defendant lost wages, including back pay and front pay, an additional amount as liquidated damages, compensatory damages for emotional distress, costs, and reasonable attorney's fees under the FLSA.

67. Section 215 of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C. § 215(a)(3).

68. At all material times, Plaintiff was a non-exempt employee of Defendant, as defined by Section 203(e) of the FLSA. 29 U.S.C. § 203(e)(1).

69. At all times material hereto, Defendant is and was an employer within the meaning of Section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

70. Upon information and belief, at all times material hereto, Defendant had gross annual sales in excess of $500,000.00.

71. At all times material hereto, Defendant operated an enterprise engaged in commerce or in the production of goods for commerce, as defined by Section 203(s) of the FLSA. 29 U.S.C. § 203(s).

11

72. At all times material hereto, Plaintiff was regularly "engaged in commerce" and/or "the production of goods for commerce," as alleged herein, and is therefore subject to individual coverage under the FLSA.

73. Defendant's conduct, as set forth above, constitutes a violation of the FLSA's anti-retaliation provision.

74. Plaintiff engaged in protected activity when he complained and/or objected to Defendant's unlawful wage and hour policy/practices in violation of the FLSA, as described in part above.

75. Shortly after Plaintiff reported or complained of Defendant's failure to credit and compensate him for all hours worked and/or Defendant's failure to properly pay him overtime premiums for his hours worked above forty (40) throughout his employment, Defendant, by and through its owners, agents, representatives and/or assigns, subjected Plaintiff to adverse treatment, reduction in hours, harassment and abuse, and intentional non-payment of wages for his last two weeks of employment.

76. The adverse treatment, harassment, and abuse directed at Plaintiff by Defendant, by and through its owners, agents, representatives, and/or assigns, was done in response to Plaintiff's repeated complaints and objections to the consistent failure to properly pay him for all hours worked, including those hours worked in excess of forty (40) each week, and such harassment continued through the remainder of the Plaintiff's employment with Defendant.

77. The motivating factor that caused Defendant to subject Plaintiff to a discriminatory and retaliatory hostile work environment, as described in part above, was Plaintiff's complaints and/or objections to Defendant's policy or practice of failing to pay Plaintiff for all his hours worked, including regular and overtime hours, and failing to pay statutorily mandated overtime premiums equal to at least one and one-half times his regular rate of pay for his hours worked

above forty (40) in a workweek.

78. Plaintiff had not experienced the severe or pervasive hostility or abusive working conditions of which he complains prior to his engaging in protected activity under the FLSA, as related in part above. There is thus a causal connection between the Plaintiff's protected activity and the retaliatory conduct that ensued immediately thereafter.

79. Despite Plaintiff's complaints and/or objections to the harassing and abusive treatment directed towards him by and through Defendant's owners, agents and/or representatives, Defendant failed to take prompt remedial actions to address Plaintiff's complaints regarding Defendant's hostile work environment.

80. The harassment toward Plaintiff had occurred during each of Plaintiff's workdays following his complaints related to the improper payment of his wages (not isolated to a single occurrence); and was sufficiently severe or pervasive enough to alter the terms, conditions, and privileges of Plaintiff's employment such that it led to the creation of a hostile and abusive working environment.

81. The harassment towards Plaintiff was severe or pervasive enough to cause Plaintiff to become anxious and agonize over going to work each day out of fear of continued hostility, threats of physical violence, and other forms of retaliatory treatment.

82. Defendant and its management were aware of Plaintiff's complaints and/or objections related to the improper payment of his regular and overtime wages and the abusive treatment directed towards him following his wage-related complaints, and failed to take meaningful actions to address, prevent, and/or remove the harassment complained of herein.

83. At all times material hereto, Defendant was liable for the conduct complained of herein, either directly or vicariously, where Plaintiff's managers/supervisors either knew of the harassment or

13

themselves took part in the harassment, and no remedial action was taken by Defendant.

84. The retaliatory conduct complained of above was perpetrated by one of Defendant's owners, officers, and/or managers, each having the ability and authority to materially affect, change, or alter the terms, conditions, and privileges of Plaintiff's employment.

85. Defendant's actions, by and through its agents and/or representatives, were willful, wanton, and intentional, and done with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory damages, back and front pay damages, and liquidated damages, pursuant to federal law.

86. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered and will continue to suffer mental anguish, emotional distress, added expense, lost benefits, embarrassment, humiliation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

**WHEREFORE,** Plaintiff seeks an entry of a judgment against Defendant that it has violated the FLSA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights; to be awarded the full amount of appropriate back pay, front pay, benefits adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein; enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, loss of capacity for the enjoyment of life and other forms of emotional distress alleged herein; to recover the reasonable attorneys' fees and costs associated with bringing this action; and to be granted any other affirmative and/or equitable relief this Honorable Court deems just and proper under the circumstances.

## <u>DEMAND FOR TRIAL BY JURY</u>

The Plaintiff demands a trial by jury on all issues so triable.

14

Dated: January 6, 2025                    Respectfully submitted:

                                          **MORGAN & MORGAN, P.A.**
                                          By: ***/s/ Corey L. Seldin***
                                               Corey L. Seldin, Esq.
                                               Fla Bar No. 1026565
                                               Email: cseldin@forthepeople.com
                                               Phone: (954) 807-7765
                                               8151 Peters Road, Ste. 4000
                                               Plantation, FL 33324
                                               ***Counsel for Plaintiff***

15