UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:25-cv-60019-AHS

THEODORE COHEN, an individual,

    Plaintiff,

v.

SCHMEAR BAGELS COMPANY, LLC,
a Florida Limited Liability Company,

    Defendant.

_____/

## DEFENDANT, SCHMEAR BAGELS COMPANY, LLC, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, SCHMEAR BAGELS COMPANY, LLC ("Defendant" or "Schmear Bagels"), by and through undersigned counsel, file its answer and Affirmative Defenses to Plaintiff's, THEODORE COHEN ("Plaintiff" or "Cohen"), complaint (DE 1).

Defendant denies all allegations of the Plaintiff's complaint, which are not expressly or otherwise admitted below. Defendant also specifically reserves the right to assert any additional Affirmative Defenses in matters of avoidance that may be disclosed during additional investigation and discovery. Defendant's answer to each of the specifically enumerated paragraphs of Plaintiff's complaint is as follows:

1. Defendant admits Plaintiff purports to bring this civil action to recover alleged monetary damages for unpaid minimum wages, unpaid overtime compensation, and retaliation under the FLSA but denies Plaintiff states a claim for relief or is entitled to any relief and demands strict proof.

2.      Defendant does not contest subject matter jurisdiction.

3.      Defendant does not contest subject matter jurisdiction.

4.      Defendant does not contest venue.

5.      Defendant denies for want of knowledge the allegations, inferences, and legal conclusions in ¶ 5 of Plaintiff's complaint.

6.      Defendant admits the allegations in ¶ 6 of Plaintiff's complaint.

7.      Defendant admits the allegations in ¶ 7 of Plaintiff's complaint.

8.      Defendant admits the allegations in ¶ 8 of Plaintiff's complaint.

9.      Defendant does not contest that it is a covered employer under the FLSA.

10.     Defendant does not contest that it is a covered employer under the FLSA.

11.     Defendant does not contest that it is a covered employer under the FLSA.

12.     Defendant does not contest that it is a covered employer under the FLSA

13.     Defendant admits the allegations in ¶ 13 of Plaintiff's complaint.

14.      Defendant denies the allegations, inferences, and legal conclusions in ¶ 14 of Plaintiff's complaint and demands strict proof.

15.     Defendant denies the allegations, inferences, and legal conclusions in ¶ 15 of Plaintiff's complaint and demands strict proof.

16.     Defendant denies the allegations, inferences, and legal conclusions in ¶ 16 of Plaintiff's complaint and demands strict proof.

17.     Defendant denies the allegations, inferences, and legal conclusions in ¶ 17 of Plaintiff's complaint and demands strict proof.

18. Defendant denies the allegations, inferences, and legal conclusions in ¶ 18 of Plaintiff's complaint and demands strict proof.

19. Defendant denies the allegations, inferences, and legal conclusions in ¶ 19 of Plaintiff's complaint and demands strict proof.

20. Defendant denies the allegations, inferences, and legal conclusions in ¶ 20 of Plaintiff's complaint and demands strict proof.

21. Defendant denies the allegations, inferences, and legal conclusions in ¶ 21 of Plaintiff's complaint and demands strict proof.

22. Defendant denies the allegations, inferences, and legal conclusions in ¶ 22 of Plaintiff's complaint and demands strict proof.

23. Defendant denies the allegations, inferences, and legal conclusions in ¶ 23 of Plaintiff's complaint and demands strict proof.

24. Defendant denies the allegations, inferences, and legal conclusions in ¶ 24 of Plaintiff's complaint and demands strict proof.

25. Defendant denies the allegations, inferences, and legal conclusions in ¶ 25 of Plaintiff's complaint and demands strict proof.

26. Defendant denies the allegations, inferences, and legal conclusions in ¶ 26 of Plaintiff's complaint and demands strict proof.

27. Defendant denies the allegations, inferences, and legal conclusions in ¶ 27 of Plaintiff's complaint and demands strict proof.

28. Defendant denies the allegations, inferences, and legal conclusions in ¶ 28 of Plaintiff's complaint and demands strict proof.

29.	Defendant denies the allegations, inferences, and legal conclusions in ¶ 29 of Plaintiff's complaint and demands strict proof.

30.	Defendant denies the allegations, inferences, and legal conclusions in ¶ 30 of Plaintiff's complaint and demands strict proof.

31.	Defendant denies the allegations, inferences, and legal conclusions in ¶ 31 of Plaintiff's complaint and demands strict proof.

32.	Defendant denies the allegations, inferences, and legal conclusions in ¶ 32 of Plaintiff's complaint and demands strict proof.

33.	Defendant denies the allegations, inferences, and legal conclusions in ¶ 33 of Plaintiff's complaint and demands strict proof.

34.	Defendant denies the allegations, inferences, and legal conclusions in ¶ 34 of Plaintiff's complaint and demands strict proof.

35.	Defendant denies the allegations, inferences, and legal conclusions in ¶ 35 of Plaintiff's complaint and demands strict proof.

36.	Defendant denies the allegations, inferences, and legal conclusions in ¶ 36 of Plaintiff's complaint and demands strict proof.

37.	Defendant denies the allegations, inferences, and legal conclusions in ¶ 37 of Plaintiff's complaint and demands strict proof.

38.	Defendant denies the allegations, inferences, and legal conclusions in ¶ 38 of Plaintiff's complaint and demands strict proof.

39.	Defendant denies the allegations, inferences, and legal conclusions in ¶ 39 of Plaintiff's complaint and demands strict proof.

40. Defendant denies the allegations, inferences, and legal conclusions in ¶ 40 of Plaintiff's complaint and demands strict proof.

41. Defendant admits Plaintiff seeks to recover damages through this action, but denies he is entitled to any damages and demands strict proof thereof.

## COUNT I

42. Regarding Paragraph 42, Defendant restates, realleges, and incorporates all responses to Plaintiff's complaint in Paragraphs 1 through 41 above.

43. Defendant admits Plaintiff purports to bring this civil action to recover alleged monetary damages for unpaid minimum wages under the FLSA but denies Plaintiff states a claim for relief or is entitled to any relief and demands strict proof.

44. Defendant denies the allegations, inferences, and legal conclusions in ¶ 44 of Plaintiff's complaint and demands strict proof.

45. Defendant does not contest that it is a covered employer under the FLSA.

46. Defendant does not contest that it is a covered employer under the FLSA.

47. Defendant does not contest that it is a covered employer under the FLSA.

48. Defendant does not contest that it is a covered employer under the FLSA.

49. Defendant denies the allegations, inferences, and legal conclusions in ¶ 49 of Plaintiff's complaint and demands strict proof.

50. Defendant denies the allegations, inferences, and legal conclusions in ¶ 50 of Plaintiff's complaint, including sub-parts, and demands strict proof.

51. Defendant denies the allegations, inferences, and legal conclusions in ¶ 51 of Plaintiff's complaint and demands strict proof.

52.     Defendant admits Plaintiff seeks to recover alleged unpaid minimum wages under the FLSA but denies Plaintiff states a claim for relief or is entitled to any relief and demands strict proof.

53.     Defendant denies the allegations, inferences, and legal conclusions in ¶ 53 of Plaintiff's complaint and demands strict proof.

Defendant denies Plaintiff is entitled to any damages or relief sought in the Wherefore clause of Count I of Plaintiff's complaint.

## **COUNT II**

54.     Regarding Paragraph 54, Defendant restates, realleges, and incorporates all responses to Plaintiff's complaint in Paragraphs 1 through 41 above.

55.     Defendant admits Plaintiff purports to bring this civil action to recover alleged monetary damages for unpaid overtime compensation under the FLSA but denies Plaintiff states a claim for relief or is entitled to any relief and demands strict proof.

56.     Defendant does not contest that it is a covered employer under the FLSA.

57.     Defendant does not contest that it is a covered employer under the FLSA.

58.     Defendant does not contest that it is a covered employer under the FLSA.

59.     Defendant does not contest that it is a covered employer under the FLSA.

60.     Defendant denies the allegations, inferences, and legal conclusions in ¶ 60 of Plaintiff's complaint and demands strict proof.

61.     Defendant denies the allegations, inferences, and legal conclusions in ¶ 61 of Plaintiff's complaint, including sub-parts, and demands strict proof.

62. Defendant denies the allegations, inferences, and legal conclusions in ¶ 64 of Plaintiff's complaint and demands strict proof.

63. Defendant admits Plaintiff seeks to recover alleged unpaid overtime wages under the FLSA but denies Plaintiff states a claim for relief or is entitled to any relief and demands strict proof.

64. Defendant denies the allegations, inferences, and legal conclusions in ¶ 64 of Plaintiff's complaint and demands strict proof.

Defendant denies Plaintiff is entitled to any damages or relief sought in the Wherefore clause of Count II of Plaintiff's complaint.

## COUNT III

65. Regarding Paragraph 65, Defendant restates, realleges, and incorporates all responses to Plaintiff's complaint in Paragraphs 1 through 41 above.

66. Defendant admits Plaintiff purports to bring this civil action to recover alleged damages for retaliation under the FLSA but denies Plaintiff states a claim for relief or is entitled to any relief and demands strict proof.

67. Defendant states the FLSA speaks for itself; answering further, Defendant denies the allegations, inferences, and legal conclusions in ¶ 67 of Plaintiff's complaint and demands strict proof.

68. Defendant denies the allegations, inferences, and legal conclusions in ¶ 68 of Plaintiff's complaint and demands strict proof.

69. Defendant does not contest that it is a covered employer under the FLSA.

70. Defendant does not contest that it is a covered employer under the FLSA.

71.    Defendant does not contest that it is a covered employer under the FLSA.

72.    Defendant does not contest that it is a covered employer under the FLSA.

73.    Defendant denies the allegations, inferences, and legal conclusions in ¶ 73 of Plaintiff's complaint and demands strict proof.

74.    Defendant denies the allegations, inferences, and legal conclusions in ¶ 74 of Plaintiff's complaint and demands strict proof.

75.    Defendant denies the allegations, inferences, and legal conclusions in ¶ 75 of Plaintiff's complaint and demands strict proof.

76.    Defendant denies the allegations, inferences, and legal conclusions in ¶ 76 of Plaintiff's complaint and demands strict proof.

77.    Defendant denies the allegations, inferences, and legal conclusions in ¶ 77 of Plaintiff's complaint and demands strict proof.

78.    Defendant denies the allegations, inferences, and legal conclusions in ¶ 78 of Plaintiff's complaint and demands strict proof.

79.    Defendant denies the allegations, inferences, and legal conclusions in ¶ 79 of Plaintiff's complaint and demands strict proof.

80.    Defendant denies the allegations, inferences, and legal conclusions in ¶ 80 of Plaintiff's complaint and demands strict proof.

81.    Defendant denies the allegations, inferences, and legal conclusions in ¶ 81 of Plaintiff's complaint and demands strict proof.

82.    Defendant denies the allegations, inferences, and legal conclusions in ¶ 82 of Plaintiff's complaint and demands strict proof.

83.     Defendant denies the allegations, inferences, and legal conclusions in ¶ 83 of Plaintiff's complaint and demands strict proof.

84.     Defendant denies the allegations, inferences, and legal conclusions in ¶ 84 of Plaintiff's complaint and demands strict proof.

85.     Defendant denies the allegations, inferences, and legal conclusions in ¶ 85 of Plaintiff's complaint and demands strict proof.

86.     Defendant denies the allegations, inferences, and legal conclusions in ¶ 86 of Plaintiff's complaint and demands strict proof.

Defendant denies Plaintiff is entitled to any damages or relief sought in the Wherefore clause of Count III of Plaintiff's complaint.

## AFFIRMATIVE DEFENSES

87.     As its First Affirmative Defense, Defendant states none of its actions were "willful" as the Fair Labor Standards Act, regulations, and interpretive case law defines this term.

88.     As its Second Affirmative Defense, Defendant states Plaintiff's claim for liquidated damages is barred because Defendant always acted in good faith and with objectively reasonable grounds for believing Defendant's policies and practices were not violations of the FLSA, as amended.

89.     As its Third Affirmative Defense, Defendant states all, or part, of Plaintiff's claims, are barred by the applicable statute of limitations.

90.     As its Fourth Affirmative Defense, Defendant states that Plaintiff's claims are barred because Defendant always acted in good faith and in conformity

with and in reliance upon written administrative regulations, orders, rulings, approvals, and/or interpretations of the Administrator of the Wage and Hour Division of the Department of Labor.

91.     As its Fifth Affirmative Defense, Defendant states Plaintiff has failed to state a claim upon which relief may be granted.

92.     As its Sixth Affirmative Defense, Defendant states Plaintiff's claims are barred because Plaintiff was correctly paid under the law.

93.     As its Seventh Affirmative Defense, Defendant states the "de minimus" doctrine bars Plaintiff's claims.

94.     As its Eighth Affirmative Defense, Defendant states Plaintiff's claims are barred because any hours worked by Plaintiff over forty in any workweek were without Defendant's knowledge, either actual or constructive.

95.     As its Ninth Affirmative Defense, Defendant states Plaintiff is not entitled to recover pre-judgment interest in an action arising under the FLSA, regardless of an award or denial of liquidated damages. *See Lindsey v. American Cast Iron Pipe Co.*, 810 F.2d 1094, 1101 (11th Cir. 1987), citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 715 (1945).

96.     As its Tenth Affirmative Defense, Defendant states any overtime due to Plaintiff should be computed at a half-time rate, based upon Plaintiff's regular rate for each workweek in question.

97.     As its Eleventh Affirmative Defense, Defendant states Plaintiff's claims are barred in whole or part due to his failure to accurately record his actual hours worked.

98.     As its Twelfth Affirmative Defense, Defendant states Plaintiff failed to allow Defendant to correct any alleged retaliation for alleged wage complaints.

99.     As its Thirteenth Affirmative Defense, Defendant states Plaintiff's claims are barred because Defendant did not cause or contribute to any damages, loss, or injury allegedly suffered by Plaintiff. Instead, all such damages, loss, or injury resulted from his actions.

100.    As its Fourteenth Affirmative Defense, Defendant states all decisions made or actions taken concerning Plaintiff were made or taken with the good-faith belief that such actions complied with all applicable laws.

101.    As its Fifteenth Affirmative Defense, Defendant states Plaintiff's claims are barred because, even if an impermissible motivating factor had been a factor in any decision made or action taken by Defendant, which Defendant expressly denies, it would have taken the same action in the absence of any impermissible motivating factor.

102.    As its Sixteenth Affirmative Defense, Defendant states any injury to Plaintiff, the existence of which Defendant specifically denies, was not caused by an employee or agent of Defendant while acting in the course and scope of their employment with Defendant.

103. As its Seventeenth Affirmative Defense, Defendant states legitimate, non-retaliatory business reasons justified all decisions made or actions taken with respect to Plaintiff.

104. As its Eighteenth Affirmative Defense, Defendant states Plaintiff's claims are barred in whole or part by the after-acquired evidence doctrine. To the extent that after-acquired evidence is discovered, any economic damages Plaintiff seeks to recover is cut off as of the time such after-acquired evidence is discovered.

105. As its Nineteenth Affirmative Defense, Defendants state that Plaintiff's claims for backpay and other damages are barred, in whole or in part, by his failure to mitigate those damages, as is his duty.

106. As its Twentieth Affirmative Defense, Defendants state that to the extent Plaintiff recovers any damages, the existence of which Defendants specifically deny, they are entitled to a set-off or credit for amounts Plaintiff earned or could have earned if he had mitigated her claimed damages.

107. As its Twenty-First Affirmative Defense, Defendant states Plaintiff's claims for damages (if any) must be reduced by all amounts that were earned or which reasonably could have been earned by Plaintiff, or for income from non-collateral or other sources.

108. As its Twenty-Second Affirmative Defense, Defendants state that to the extent Plaintiff claims a loss of retirement, plan benefits, or credits, health and welfare benefits, or any other benefits covered by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 101, *et seq.*, ERISA preempts such claims.

109. As its Twenty-Third Affirmative Defense, Defendant states Plaintiff's claims for relief are barred, in whole or in part, to the extent he seeks damages not permitted under the applicable law or that exceed the limits imposed by applicable law.

The Defendant reserves the right to assert additional Affirmative Defenses, which may be learned or disclosed through discovery.

## DEMAND FOR COSTS AND ATTORNEY'S FEES

The Defendant is entitled to an award of costs. The Defendant is also entitled to attorney's fees incurred in defense of those of the plaintiff's claims brought in bad faith or shown to be frivolous. *See*, e.g., *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541 (11th Cir. 1985), and *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428 (11th Cir. 1998).

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays this Honorable Court to dismiss with prejudice Plaintiff's claims in full, tax costs against Plaintiff and in favor of Defendant, and reserve jurisdiction to consider a timely filed motion for attorneys' fees.

Dated: February 7, 2025          Respectfully submitted,
    Boca Raton, FL

**Daniel R. Levine**
DANIEL R. LEVINE, ESQ.
Florida Bar No. 0057861
E-Mail:  DRL@PBL-Law.com
PADULA BENNARDO LEVINE, LLP
3837 NW Boca Raton Blvd., Suite 200
Boca Raton, FL   33431
Telephone:   (561) 544-8900
Attorneys for Defendant